UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | |
|---|---|
| ELLSWORTH H. TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3: 10-39-DCR |
| V. | ) |
| | ) |
| KENTUCKY TRANSPORTATION | ) |
| CABINET and STEVE DAMRON, | ) **MEMORANDUM OPINION** |
| Individually and in his Official Capacity, | ) **AND ORDER** |
| | ) |
| Defendants. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Steve Damron's motion to dismiss based upon the plaintiff's failure to complete service of process within 120 days of the filing of the complaint. [Record No. 8] Having considered the parties' respective positions, the Court will deny the defendant's motion.

**I.**

Plaintiff Ellsworth Turner filed this action on June 18, 2010, naming the Kentucky Transportation Cabinet (KTC) and Steve Damron, individually and in his official capacity with KTC, as defendants. In Count I, Turner claims that he was discriminated against in his employment after he refused sexual advances from Damron. [Record No. 1, at pp. 3-4] Turner asserts that the defendants actions violated the United States Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(g), 42 U.S.C. §1983, and the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. In Count II, Turner contends that the

-1-

defendants actions also violate the Kentucky Civil Rights Act, KRS §344.040, and Section 1 of the Kentucky Constitution. [*Id*. at pp. 4-5] At the time Turner's complaint was filed, summons were issued for service on the Kentucky Attorney General and Mike Hancock, Office of the Secretary, Kentucky Transportation Cabinet. [Record Nos. 2, 3]

Defendant KTC filed its Answer in response to the plaintiff's complaint on July 2, 2010. [Record No. 4] Later, on October 12, 2010, counsel for Turner submitted a "Notice of Filing" which provided that he was giving "notice of filing of summons on Defendant, Steve Damron, pursuant to the Federal Rules of Civil Procedure." [Record No. 6] A docket entry by the Clerk of the Court indicates that on the same date as the plaintiff's Notice of Filing, two summons were issued for service upon Defendant Damron in his individual and official capacity.[1] Thus, it appears that the plaintiff's attorney waited 116 days after filing the complaint to have summons issued for service upon Defendant Damron. Further, the summons prepared by the plaintiff's counsel were addressed to Damron at the following address: c/o Transportation Cabinet, District 5, 8310 Westport Road, Louisville, Kentucky 40242. Based on the affidavit filed in support of the defendant's motion to dismiss, this appears to be Damron's correct business address. [*See* Record No. 10, Exhibit A.]

---

[1] The docket entry of October 12, 2010, indicates as follows:

Clerk's Note re [Record No. 6, Notice of Filing] Summons for Issuance: Clerk contacted counsel and was advised by counsel's ofc this date that prepared summons presented at [Record No. 6] was for defendant Damron in both his individual & official capacities. Clerk has printed 2 copies of the summons and inserted on one copy "Individual" and on the other copy "Official Capacity." Clerk will issue both summons with corrected time calculation of 21 day for defendant to answer.

On November 3, 2010, Damron moved the Court to dismiss the complaint based on the plaintiff's failure to complete service within the time required by the Federal Rules of Civil Procedure. [Record No. 8] The matter has now been fully briefed and is ripe for the Court's review.

**II.**

Damron contends that, as of this date, he has not been properly served with process. He asserts that he was out of his office on October 14, 15, 16, and 18, 2010. Upon his return to his office at the KTC on October 19, 2010, he discovered that a summons and copy of the complaint had been left at his desk. The materials apparently were delivered by certified mail and were signed by a third party in his absence on October 18, 2010. The affidavit submitted by Damron in support of his motion satisfies the Court that the defendant was not personally served with process in this matter. Likewise, Damron has not given anyone either inside or outside the KTC authority to accept service on his behalf and he has not attempted to avoid personal service of the summons and complaint.

As Damron correctly notes, under Rule 12(b)(5) of the Federal Rules of Civil Procedure, an action can be dismissed if service of process is not completed in a timely manner. *Andress v. United States Postal Service*, 1993 U.S. App. LEXIS 27677 (6th Cir., Oct. 21, 1993); *Rzayeva v. United States*, 492 F.Supp.2d 60 (D.Conn. 2007). Once the validity of service has been challenged, the plaintiff bears the burden of proving that service was adequate. With respect to the time within which service must be completed, Rule 4(m) provides that:

> If service of a summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court – on motion or on its own after

> notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Rule 4(m), Fed. R. Civ. P.

There is authority for the proposition that, absent a showing of good cause for failure to complete service, the rule mandates that the case be dismissed. *See Moncrief v. Stone*, 961 F.2d 595, 596 (6th Cir. 1992) (applying an earlier version of the rule in concluding that dismissal is mandated if the plaintiff fails to show good cause for failure to complete service with the time provided), and *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514 (6th Cir. 2006) ("[e]stablishing good cause if the responsibility of the party opposing the motion to dismiss . . . and 'necessitates a demonstration of why service was not made within the time constraints,'" citing *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994).)

After obtaining an extension from the Court, Turner's counsel filed a three-page response to the motion to dismiss on November 22, 2010. In this response, he acknowledges that he failed to served Damron within 120 days of the filing of his complaint. However, he argues that this failure should be excused because he was unable to determine the defendant's residential address and "despite his best efforts, the best he was able to do was to locate his business address." [Record No. 11] Despite this fact, he argues that Damron has actual knowledge of the lawsuit and would not be prejudiced if the Court were to extend the time for service of process.

Turner does not attempt to explain why he waited approximately 116 days before beginning the process of serving Damron. Additionally, he fails to explain why he did not seek an extension of time to complete service prior to the expiration of the 120 day period provided

by Rule 4(m). Instead, he contends that he had difficulty finding a good address – despite the fact that Turner apparently worked in the same office with Damron at the time of the alleged sexual harassment. He also argues that he could be forever barred from pursuing a claim against Damron if the action is dismissed at this time.

Turner cites a number of cases supporting his argument that dismissal is not mandatory even if he does not demonstrate good cause for his failure to complete service within the prescribed period. *See Burnett v. Martin*, 2007 U.S. Dist. LEXIS (E.D.Ky., July 24, 2007) (citing *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216 (S.D. Ohio 2000)); and *John W. Stone Oil Distributor, LLC v. PBI Bank, Inc.*, 2010 U.S. Dist. LEXIS 82232 (W.D.Ky., Aug. 12, 2010) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996), for the proposition that the district court has discretion to permit later service even absent a showing of good cause). According to the plaintiff, in considering whether to grant an extension of time to complete service, this Court should consider the following factors: (1) whether his claims would be barred by the statute of limitations if dismissed; (2) whether the defendant had notice so that he would not be unfairly surprised by the lawsuit; and (3) whether an extension of time would serve the overall policy of resolving disputes. *Vergis*, 199 F.R.D. at 218. While the Court agrees that these factors should be considered in determining whether to exercise discretion in extending the time to complete service, this list is not exhaustive. Further, the weight to be given to these and other relevant factors will vary from case to case.

In *Burnett*, 2007 U.S. Dist LEXIS at *3-*5, the undersigned granted a request by the plaintiff to extended by thirty days the time within which he could serve the proper defendant.

At the time the action was filed, confusion existed regarding the identity of certain state police troopers who were allegedly involved in the altercation giving rise to the litigation. Additionally, the plaintiff alleged that the trooper he has sought to serve had avoided service of process. Citing *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996), and other authorities, the Court acknowledged that it had discretion to extend the time for service even without a showing of good cause. Notwithstanding that fact, the question remained regarding whether it should exercise that discretion under the circumstances. In light of the fact that there was some evidence that the defendant had not returned calls from the process server and the fact that the plaintiff had made a good faith effort to complete service within the initial 120 day period, the Court granted the motion to extend time for service by 30 days.

In *John W. Stone*, 2010 U.S.Dist. LEXIS at 82232, the United States District Court for the Western District of Kentucky exercised its discretion to extend the time for service even though the plaintiff failed to make an adequate showing of good cause. Citing *Stewart v. Tennessee Valley Authority*, 238 F.3d 424 (6th Cir. 2006), the court attempted to explain the inconsistency of Rule 4(m)'s mandatory language with the discretion exercised by courts in granting extension of time to complete service even in circumstances in which good cause was not demonstrated.

> Rule 4(m) requires the district court to undertake a two-part analysis. First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. If he has, then "the court *shall* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time. *See id.* In other words, the court has discretion to permit late service even absent a showing of good cause.

238 F.3d at 424. Under this rationale, an extension of time is mandatory if good cause is shown, but it is discretionary if good cause is not demonstrated.

In *John W. Stone*, the primary factors influencing the court's decision in allowing belated service was the lack of prejudice to the defendant in permitting the case to proceed and the potential waste of resources caused by a dismissal without prejudice. The court noted that if it dismissed the complaint without prejudice, "Plaintiff will be free to re-file it tomorrow and will simply re-effect service of process." Here, however, the plaintiff contends that resolution of the motion to dismiss in Damron's favor would not merely result in a re-filing of the action. He asserts that, because his federal claim requires that suit be brought within ninety days of the date he received a Right to Sue Letter (March 31, 2010), he would be barred from re-filing the action against Damron. [Record No. 11, p. 1-2] Arguably, this potential prejudice is more compelling than the reasons relied upon by the *John W. Stone* court.

Even in light of the authorities cited by Turner, this case presents a close question due to plaintiff's dilatory conduct in waiting until the last moment to attempt to serve Defendant Damron with the summons and complaint. However, under the circumstances presented, the Court will exercise its discretion and grant a short extension of time to enable the plaintiff to attempt to complete service. In reaching this decision, the Court has considered the likelihood that any dismissal for failure to complete service could prevent resolution of Turner's claims against Damron on the merits. Further, it appears that Damron has had actual notice of the lawsuit since at least October 19, 2010. And he has not shown any prejudice resulting due to the plaintiff's delay in completing service of process.

Finally, while the Court has concluded that it will not dismiss the claims against Damron at this time, counsel for Turner is advised that, absent a showing that the defendant has taken action to evade service, it will not grant any further extensions of time to complete service.

### III.

Accordingly, it is hereby

**ORDERED** that Defendant Steve Damron's motion to dismiss pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure [Record No. 8] is **DENIED**. The plaintiff is given a period of twenty (20) days from the entry of this Memorandum Opinion and Order to complete service of the summons and complaint over Defendant Steve Damron. To the extent that language in the defendant's response to the plaintiff's motion to dismiss could be construed as a motion to compel Defendant Kentucky Transportation Cabinet to provide information regarding Defendant Damron, such relief is **DENIED**.

This 3rd day of December, 2010.

Signed By:
*Danny C. Reeves* DCR
United States District Judge