UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| ELLSWORTH H. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-39-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY TRANSPORTATION | ) | **MEMORANDUM OPINION** |
| CABINET and STEVE DAMRON, | ) | **AND ORDER** |
| Individually and in his Official Capacity, | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Plaintiff Ellsworth Turner's Second Motion

for an Extension of Time to Complete Service. [Record No. 18] Having considered the parties'

respective positions, the Court will deny the motion.

**I.      Background**

The facts of this case are fully set out in the Court's previous Memorandum Opinion and

Order dated December 3, 2010. [Record No. 13] In that Order, the Court denied Damron's

motion to dismiss based upon Turner's failure to complete service of process within 120 days

of the filing of the complaint. [*Id.*] At that time, the Court noted that Turner waited 116 days

after filing the complaint to have summons issued for service upon Damron. [*Id.*, p. 2]

However, the Court granted an extension of 20 additional days to complete service. [*Id.*, p. 8]

The filing of the present motion now marks the second time Turner has failed to complete

service of process within an established time period.

## II.    Analysis

Turner requests a second extension of time, claiming that Damron avoided service of process.  More specifically, he contends that Damron personally evaded service of process and that Damron's employer colluded in the evasion by changing Turner's work site to prevent Turner from personally serving Damron.  [Record No. 18]  Turner also alleges that the process server made "no fewer than twelve attempts to serve Damron" [*Id.*, p. 1], despite the fact that the server's affidavit [Record No. 18, ex. 4] only lists ten attempts, some of which took place at unconventional times (*i.e.*, visiting Damron's personal residence at 3:39 p.m. on a weekday — Thursday, December 16, 2010).  The same affidavit reflects that Turner did not even hire a process server until December 14, 2010, 11 days into the additional 20 day window he was given to effectuate service of process.  [*Id.*] Conversely, Damron's affidavit states that he has not purposely avoided service of process and that he left for a holiday vacation with his family on December 20, 2010.

Rule 4(m) states that an extension of the time provided for service may be granted "if the plaintiff shows good cause for [his] failure" to timely execute service.  Fed. R. Civ. P. 4(m). The determination of whether a plaintiff has demonstrated good cause is within the sound discretion of the court.  *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991). Given the history of this case, the Court is not inclined to grant Turner's second request.  Turner has now had more than sufficient time to complete service of process upon Damron.  However, he waited 116 days to attempt to complete service during the initial 120 day period, and then delayed taking action for an additional 11 days after an extension of time was given before hiring

a process server.  Apparently hopeful that the Court will again ignore his dilatory conduct, Turner now claims that Damron has avoided service of process because of his absence from work and family vacation during the holiday season.  However, he has not demonstrated that Damron took action to intentionally evade service.  At the time of Turner's first extension, the Court noted that "this case presents a close question due to plaintiff's dilatory conduct."  [Record No. 13, p. 7]  The Court finds no justification to excuse further neglect.  Accordingly, and the Court will not grant a further extension.

### III.    Conclusion

For the reasons discussed herein, it is **ORDERED** that Plaintiff Ellsworth Turner's Second Motion for Extension of Time to Effect Service of Process [Record No. 18] is **DENIED**.

This 4th day of January, 2011.



Signed By:

_Danny C. Reeves_

United States District Judge