UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| ELLSWORTH H. TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 10-39-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KENTUCKY TRANSPORTATION CABINET, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Defendant Kentucky Transportation Cabinet's motion to hold proceedings in abeyance due to a pending state court matter concerning the same subject matter underlying Plaintiff Ellsworth Turner's federal complaint. [Record No. 35] Plaintiff Turner has objected to the Transportation Cabinet's motion, contending that the two competing actions are not identical. And while Turner admits that there may be some overlap, he argues that the Kentucky Personnel Board's did not accord his claims the same level of review as required under the federal claims he has asserted. After considering the parties respective arguments, the Court concludes that some relief is appropriate.

**I.**

Turner's Federal Complaint

This action was filed on June 18, 2010. The Complaint contains two counts and alleges that Turner was fired for filing a sex discrimination complaint in violation of: (1) Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(g), 42 U.S.C. § 1883, and the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution; and (2) the Kentucky Civil Rights Act, Kentucky Revised Statutes ("KRS") 344.040, and Section 1 of the Kentucky Constitution. [Record No. 1] Turner asserts that, at all times relevant to this action, he was employed by the Transportation Cabinet while Steve Damron was employed by the cabinet as director in charge of the Division of Right of Way & Utilities. In his capacity as director, Damron had the authority and responsibility for making decisions and recommendations concerning who would be promoted for vacancies or newly created positions among employees under his supervision. [*Id.*]

As the basis for his claims, Turner alleges that, on or about April 2007, he applied for the position of Relocation Branch Manager within Damron's division. However, he contends that Damron intentionally allowed the position to expire to prevent Turner from filling it. According to Turner, Damron took this action to prevent him from getting the job in retaliation for Turner refusing Damron's sexual advances and because Turner had filed a sexual harassment complaint against Damron with the cabinet's Civil Rights Compliance Branch in March 2008. In Count II, Turner asserts that, beginning around January 2007 and continuing through March 2008, Damron had made lewd sexual remarks and advances to him, including but not limited to invitations to Damron's home for the purpose of engaging in sexual intercourse.

Turner attached five exhibits to support his claims, including: (1) a March 20, 2008, letter from Alvin Wilson of the Office of Personnel Management acknowledging receipt of Turner's March 10, 2008, complaint of discrimination; (2) a copy of the Charge of Discrimination Turner

filed with the U.S. Equal Employment Opportunity Commission ("EEOC") on or about May 7, 2008; (3) a copy of the Charge of Discrimination Turner filed with the Kentucky Commission on Human Rights on or about January 6, 2009; and (4) copies of Dismissal and Notice of Rights letters to Turner from EEOC.

In the first exhibit, Wilson advises Turner that, while his complaint of discrimination will be investigated by the cabinet's EEO Coordinator, Turner also has the option of filing a discrimination complaint with the U. S. Equal Employment Opportunity Commission (within 300 days of the alleged infraction) or the Kentucky Commission on Human Rights (within 180 days of the alleged infraction). The last two exhibits indicate that "the EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge." [*See* Record No. 1; Exhibits 4 & 5]

The Transportation Cabinet[1] filed its Answer to Turner's federal Complaint on July 2, 2010. After responding to Turner's factual allegations, the cabinet asserted a number of affirmative defenses, including the defense that the plaintiff's claims "are barred by the doctrine of res judicata, collateral estoppel, latches, and/or failure to exhaust administrative remedies." [Record No. 4; Answer]

### Turner's State Court Proceeding

The Transportation Cabinet has attached to its supporting memorandum the Petition of Appeal Turner filed with the Franklin Circuit Court on May 13, 2011. [Record No. 35-3] The

---

[1] Turner named the Transportation Cabinet and Steve Damron as defendants in his federal action. However, Turner failed to serve Damron within the time provided by the Federal Rules of Civil Procedure. As a result, Damron was dismissed as a defendant to the action. [*See* Record Nos. 13, 23]

petition names two parties as respondents: the Transportation Cabinet and the Kentucky Personnel Board. Paragraphs 7 through 12 of the Petition of Appeal include the following allegations:

> 7. The Petitoner [Turner] originally filed his appeal with the Respondent, Personnel Board, on March 13, 2009. The appeal consisted of two distinct issues: A) that the Petitioner's 2008 evaluation has not been properly conducted by the Respondent, Transportation Cabinet, as mandated by Kentucky law; and B) that the Petitioner had been retaliated against for filing a complaint against his first-line supervisor.
>
> 8. The Personnel Board conducted an extensive hearing on the Petitioner's appeal. The Board's hearing officer entered his Findings of Fact, Conclusions of Law and Recommended Order on February 9, 2011. The hearing officer concluded that the 2008 evaluation was not performed properly and recommended certain remedies for the Petitioner. As to the retaliation issue, the hearing officer concluded that the Petitioner had not sustained his burden of proof and that this portion of the original appeal should be dismissed. . . .
>
> 9. The Petitioner and the Respondent, Transportation Cabinet, both filed exceptions to the hearing officer's recommendations.
>
> 10. The Respondent, Personnel Board, entered its final order Altering Hearing Officer's Findings of Fact, Conclusions of Law and Recommended Order on April 13, 2011. . . .
>
> ** ** ** **
>
> 12. As to the issue of retaliation as set out above, the Personnel Board affirmed the recommendations of the hearing officer that the Petitioner has not sustained his burden of proof and that this portion of the Petitioner's original case should be dismissed. It is specifically from this portion of the Personnel Board's final order that the Petitioner appeals.

[Record No. 35-3]

**II.**

The Transportation Cabinet contends that Turner is seeking to re-litigate his retaliation claims in two court simultaneously. Additionally, it asserts that, if the Franklin Circuit Court upholds the decision of the Personnel Board and concludes that Turner failed to meet his burden concerning his retaliation claim, that conclusion would have preclusive effect here. *See Migra v. Warren City School District Board of Education*, 465 U.S. 75 (1984); and *University of Tennessee v. Elliott*, 478 U.S. 788 (1986). Therefore, it argues that, as a matter of judicial economy, this matter should be stayed until Turner's petition filed with the Franklin Circuit Court has been decided.

Turner disagrees that this action is an attempt to re-litigate issues which have been considered by the Personnel Board. He argues that if the Transportation Cabinet really believe that to be the case, it would have included the assertion as an affirmative defense in its Answer.[2] Additionally, while Turner admits that "there may very well be some overlap in proof," he asserts that "there is nothing in the record to suggest that the Kentucky Personnel Board accorded Turner's claim(s) the same treatment required by the United States Civil Rights Act, and the other jurisdictional claims contained in his Complaint, *i.e.*, *McDonnell Douglas* type scrutiny." [Record No. 37]

Having considered the parties' arguments, the Court concludes that judicial economy will be served by granting partial relief to the Defendant. This will allow the parties to litigate the

---

[2] As the Transportation Cabinet correctly notes in its Reply, it affirmatively pled the defenses of collateral estoppel, res judicata, and failure to exhaust administrative remedies in its Answer as its Eighth Defense. However, even if such defenses had not been asserted, the cabinet would not have been precluded from requesting that this Court hold this action in abeyance pending the completion of state proceedings.

issues presented to the Personnel Board on one front. Thereafter, they will be given the opportunity to provide additional authority for their positions regarding the preclusive effect of the state court decision. However, the Court notes that the record of this proceeding insufficient to address issues of res judicata or collateral estoppel at this time. Further, in an effort to prevent unnecessary delay, the parties will be required to provide this Court with an update in six months regarding the status of the state court matter. Reconsideration of the Court's decision regarding the defendant's present motion may be sought at that time if appropriate.

### III.

Having considered the parties' respective positions, and as a matter of judicial economy, it is hereby

**ORDERED** as follows:

1. The defendant's Motion to Hold Proceedings in Abeyance [Record No. 35] is **GRANTED**. This matter will be held in abeyance, pending further orders.

2. The parties are directed to file a Joint Status Report no later than **January 30, 2012**, advising the Court of the status of any and all state court proceedings related in any way to the claims and/or defenses asserted herein.

This 28th day of July, 2011.



Signed By:
Danny C. Reeves DCR
United States District Judge